**IT IS ORDERED as set forth below:**



**Date: January 3, 2022**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.: 17-41034-BEM |
| **Michael Brian Hammons and** | ) | |
| **Tammy Renee Hammons,** | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |

**ORDER APPROVING SPECIAL COUNSEL, SUBJECT TO OBJECTION**

On November 4, 2021, Debtors filed an application (the "Application") to employ D. Seth Holliday ("Special Counsel") to represent Debtors in connection with receiving disability benefits. (the "Matters"). See Doc. No. 51. No notice or hearing on the Application is necessary.

The Application and accompanying affidavit demonstrate that Special Counsel is a firm of attorneys with expertise in the Matters, that they represent no interest adverse to Debtors or the estate in the Matters, and that this case justifies employment of a professional for the purpose specified.

Special Counsel is advised, however, that contingency fee agreements are subject to scrutiny by the Court. Upon application for compensation, the Court may reduce the amount of compensation under a contingency fee agreement if such amount is unreasonable. Blanchard v. Bergeron, 489 U.S. 87 (1989). To facilitate review of an application for compensation, it should include either itemized time entries or a narrative description of the services provided. Further, Special Counsel is reminded that any settlement of claims relating to the Matters is subject to approval of this Court after notice to creditors and an opportunity to be heard. See Fed. R. Bankr. P. 9019, 2002(a). Therefore, neither Debtors, nor bankruptcy counsel for the Debtors is authorized to settle, compromise, or release any claims without the approval of this Court.

Accordingly, it is hereby

ORDERED that, pursuant to 11 U.S.C. 327(e) and Bankruptcy Rule 2014, the Application is **GRANTED**. Debtors are authorized to employ Special Counsel during Debtors' Chapter 13 case, subject to objection filed by the U. S. Trustee, the Chapter 13 Trustee, or any other party in interest on or before 21 days from the date of entry of this Order. It is further

ORDERED that compensation shall be paid to Special Counsel upon notice, hearing, and approval by the Court pursuant to 11 U.S.C. 330 and 331 and Bankruptcy Rule 2016 of an appropriately detailed application, copies of which shall be served on the Chapter 13 Trustee and United States Trustee.

The Clerk is directed to serve a copy of this Order upon Debtors, bankruptcy counsel for Debtors, Special Counsel, the United States Trustee, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**

Prepared and Presented by:

_/s/_____
Dan Saeger
Georgia Bar No. 680628
**SAEGER & ASSOCIATES, LLC**
706 S Thornton Ave
Suite D
Dalton, GA 30720
(P) 706-529-5566
dan@whitfieldcountylaw.com

No Opposition by:


_____/s/_____ *with express permission*
Sonya Buckley Gordon with express permission of K. Edward Safir
Chapter 13 Trustee
Georgia Bar No. 140987
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303

## DISTRIBUTION LIST

D. Seth Holliday
700 S Thornton Ave.
Dalton, GA 30720

And all parties on the mailing matrix.